IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CADARRIO PATRICK**                                                                               **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 4:22-CV-00152-DAS**

**MARCUS MCCLURE, et al.**                                               **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**

This matter comes before the Court on the *pro se* Plaintiff's motion [21] to reconsider the Court's January 31, 2023 Order Dismissing the instant case with prejudice for failure to state a claim upon which relief could be granted.[1] *See* Doc. # 18. For the reasons set forth below, the Court finds that the motion should be denied.

Factual and Procedural Background

In his complaint, Plaintiff Caddario Patrick alleged that, on June 8, 2021, he had a physical altercation with a fellow inmate, Maurice Pugh, while housed at the Mississippi State Penitentiary ("MSP"). After prison officials completed an investigation of the incident, Patrick received a "Detention Notice" which stated that he, along with three other inmates, assaulted Pugh "by stabb[ing] him in the head area." Prison officials also issued a Rule Violation Report ("RVR"), charging Plaintiff with "assaultive action against any person resulting in serious [] injury."

Following a hearing on the matter, Patrick was found guilty of the charge, and it was recommended that he be placed in long-term segregation ("LTS"). Patrick subsequently followed the Mississippi Department of Correction's Administrative Remedy Program ( "ARP") by filing a grievance in which he challenged the RVR and his placement in LTS. Patrick

---

[1] Patrick does not actually use the term "reconsider" in his filing, but using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), the Court construes the filing as a request for reconsideration.

completed the ARP process and received First and Second Step responses, both denying him relief.

Patrick, proceeding *pro se*, filed the instant civil rights action challenging the conditions of his confinement under 42 U.S.C. § 1983 on September 27, 2022. In his complaint, Patrick alleged that he was innocent of the charge for which he was issued an RVR and found guilty, and further complained that prison officials did not conduct an adequate or fair investigation and hearing on the matter. Plaintiff named Superintendent Marc McClure, former Superintendent Timothy Morris, Warden Tracy McDonald, Lt. Sharon Hampton, Deputy Warden Detrick Munford, Warden Simon, Warden Wren, and Mrs. Phelps as Defendants in this action.

On January 9, 2023, after reviewing Patrick's allegations and considering the applicable legal authority, the Court entered an Order for Plaintiff to Show Cause why his case should not be dismissed with prejudice for failure to state a claim upon which relief could be granted. Doc. # 15. The Order directed Patrick to show cause within twenty-on (21) days of the date of the order. *See id.* at 7. Patrick signed and submitted an Acknowledgment of Receipt ("AOR") confirming he had received the Court's order on January 30, 2023.[2] *See* Doc. # 17.

While Patrick returned the AOR, he did not file a response to the Order. Consequently, as the time for responding to the show cause order had passed, the Court entered an Order dismissing the instant case with prejudice, based on the discussion set forth in the show cause order, on January, 31, 2023. Doc. # 18. Then, on February 6, 2023, Patrick filed his response to the Order to Show Cause.[3] Doc. # 9. Patrick filed the instant motion for reconsideration on February 13, 2023. Doc. # 21.

---

[2] Patrick signed the AOR on January 22, 2023, and the envelope in which it was sent is stamped as mailed on January 27, 2023. *See* Doc. # 17.
[3] Patrick signed the response on January 30, 2023, and the envelope in which it was sent is stamped as mailed on February 3, 2023. *See* Doc. # 19.

Discussion

As Patrick's motion was filed within twenty-eight (28) days of the entry of judgment, the Court construes the filing as a motion alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

In moving to reconsider, Patrick contends that the order requiring a response within twenty-one (21) days meant that a response should be filed within twenty-one *business* days and, because his response filed on February 6, 2023, was filed within twenty-one business days, it was timely filed. Thus, Patrick argues that the Court should consider his response and reassess its decision dismissing the instant case.

Patrick's argument is contradicted by Rule 6 of the Federal Rules of Civil Procedure regarding computation of time, providing that "[w]hen the period is stated in days . . . [the court must] exclude the day of the event that triggers the period[] [and] count every day, including intermediate Saturdays, Sundays, and legal holidays . . . ." Fed. R. Civ. P. 6(a)(B). As the order to show cause was entered January 9, 2023, the response to the show cause order must have been filed on or before January 30, 2023 to be deemed timely filed. Patrick's response was stamped as "Received" by the Court on February 6, 2023, but Patrick signed and dated it on January 30, 2023. The envelope in which Patrick sent the response was stamped as mailed on February 3, 2023. Because there is uncertainty as to when Patrick presented the response to prison officials for mailing, the Court will, for the purposes of this motion, consider the response timely filed.

Even assuming that Patrick's response to the show cause order was timely filed, the Court finds that dismissal with prejudice was appropriate. In its Order to Show Cause, the Court directed Patrick to show cause why his claims should not be dismissed for the following reasons: (1) Defendants McClure and Morris cannot be held vicariously liable for actions of their subordinates and Plaintiff failed to identify any personal involvement in the alleged wrongdoing; (2) change in custody status and loss of privileges fails to state a due process claim; (3) a prisoner has no right to a prison grievance system such that he has no constitutional claim when resolved to his dissatisfaction; and (4) disciplinary action did not violate Plaintiff's constitutional rights because there was a statement of an officer as to his guilt.

In his response to the show cause order, Patrick largely reiterates the allegations and claims from his complaint. Apart for these repeated factual allegations, Patrick advances various legal conclusions and quotations from uncited legal authority and what the Court believes to be MDOC disciplinary policy and procedure. Upon due consideration, the Court finds Patrick's arguments unavailing; he has not shown cause, and for the reasons set forth below, the Court finds that Patrick's motion for reconsideration should be dismissed and that his claims were properly dismissed for failure to state a claim upon which relief can be granted.

## Supervisor Liability

A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*,

4

718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Patrick *seems* to allege personal involvement in the investigation of the aforementioned assault by defendants Munford, Simon, and Wren, and also identifies Defendants Hampton and Phelps as actors personally involved in his hearing and resulting punishment. Patrick's allegations, however, do not indicate any personal involvement by Superintendent Marc McClure and former Superintendent Timothy Morris. As such, Defendants McClure and Morris have been named defendants in this action merely due to their positions of authority at MSP; thus, they should be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

For these reasons, Patrick's claims against Defendants McClure and Morris should be dismissed for failure to state a constitutional question.

### Inmates Not Entitled to Privileges or Specific Housing Assignment or Classification; Defendant's Participation in Grievance Process Does Not Give Rise to § 1983 Claim

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215,

5

224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner housing assignments and classification are matters squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted).

Similarly, the denial of privileges (such as commissary, visitation, and time out of one's cell) does not rise to the level of a liberty interest protected by due process. *See Sanchez v. Allen*, 611 F. App'x 792, 794 (5th Cir. 2015) (per curiam). Likewise, even when the deprivations described above violate department of corrections rules, the inmate is not entitled to relief under 42 U.S.C. § 1983. *Id.* In addition, a § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007). Moreover, a prisoner possesses no constitutional right to a grievance procedure and no due process liberty interest right to have his grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005).

As such, Patrick's claims regarding his classification and/or custody status and improper administration of the grievance procedure should be dismissed. Likewise, Patrick's claim(s) against Warden McDonald should be dismissed as his allegations against McDonald are limited to her involvement in MDOC's grievance process, which do not implicate due process or equal protection.

**Due Process**

To establish a due process violation, a prisoner must establish that he has been denied a protected interest by the challenged prison action. *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007). Generally, protected liberty interests are "limited to freedom from restrain which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless impose[] [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995)(internal citations omitted). Such protected "interests are generally limited to . . . regulations or statutes which affect the *quantity* of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997)(emphasis added).

In this case, Patrick complains that his custody status was changed, and prison account was locked because he was found guilty of the RVR for assaulting his fellow inmate. A loss of privileges pursuant to disciplinary action, however, does not implicate the due process clause. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim); *see also King v. Sims*, 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009) (find that reclassification, reassignment, and loss of commissary, phone and visitation privileges did not constitute a violation of plaintiff's constitutional rights). Moreover, a prisoner does *not* have a "constitutionally protected interest in either custodial classification . . . ." *Thomas v. Jordan*, 2008 WL 4649095, at *1 (5th Cir. 2008) (citations omitted). Moreover, no punishment affecting the *duration* of his confinement was imposed. As such, Patrick has failed to state a due process claim as to the punishment received.

Neither does Patrick state a due process claim by alleging that the RVR for which he was found guilty is false, as he conceded that the disciplinary hearing officer had an officer's statement that he was guilty. Due process only requires "some evidence" to support a disciplinary hearing finding, not absolute proof. *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 457 (1985) (holding procedural due process requires only some evidence to support findings made in disciplinary hearing).

For these reasons, Patrick's claim(s) regarding being found guilty of the RVR and resulting punishment should be dismissed for failure to state a constitutional claim.

## Conclusion

Based on the foregoing discussion, the Court finds that, even after considering Patrick's response to the show cause order, Patrick has failed to state a claim upon which relief can be granted. Accordingly, the Court finds that Patrick's motion [21] to reconsider is not well-taken and is, therefore, **DENIED**.

**SO ORDERED**, this the 24th day of February, 2023.

/s/ David A. Sanders
**DAVID A. SANDERS**
**UNITED STATES MAGISTRATE JUDGE**